STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION

PETER J. EHNSTROM,

Petitioner

v.

ORDER

MAINE, STATE TAX ASSESSOR,

Respondent

Pending is the State's Motion to Lift Stay and Dismiss. Following hearing, both motions are Granted.

This is a Rule 80C appeal from a decision of a hearing officer of the Maine Revenue Service denying relief. The petitioner claims that the Portsmouth Naval Shipyard is in New Hampshire and he is not a Maine resident; therefore his Shipyard earnings are not subject to Maine income tax law. The fatal defect in this argument is that the United States Supreme Court has conclusively established that the border between the two states was the middle of the main channel of navigation of the Piscataqua River inland from the mouth of Portsmouth Harbor. *New Hampshire v. Maine*, 121 S.Ct. 1808 (2001).

This result was compelled because the Supreme Court had earlier entered judgement on a consent decree between the States which described the "Middle of the River" as the critical point for purposes of establishing the lateral marine boundary (the boundary from the mouth of the harbor seaward), and the Court

concluded that the doctrine of judicial estoppel precluded New Hampshire from asserting a different, more favorable, position now. The petitioner argues that New Hampshire's decision to enter into the earlier consent decree was improvident because the weight of the historical evidence would support a finding that the proper location of the boundary was along the Maine shore of the Piscataqua River. Assuming for the purpose of argument only that their interpretation of the historical evidence is correct, it is irrelevant to the pending case.

The essence of the recent Supreme Court decision is that if New Hampshire wanted to make the historical arguments which these petitioners now assert, it was required to do so in the earlier case. For whatever reasons, New Hampshire chose not to and settled by consent. New Hampshire and her citizens remain bound by that choice.

By easy and comfortable application of the doctrine of judicial notice, if the boundary between the states is the middle of the navigational channel of the Piscataqua River, then the shipyard must be in Maine. This fact is conclusively established by reference to any map. There is no other state northeast of that boundary.

While not questioning their sincerity or minimizing their frustration, the State's Motion is Granted. In order to succeed the petitioners would have to establish that the shipyard is not in Maine and that fact has finally and conclusively been decided against them.

Dated:     November 13, 2001

G. Arthur Brennan
Justice, Superior Court

2

STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                         CIVIL ACTION
                                                  DOCKET NO. AP-01-030

PETER J. EHNSTROM,            )
                             )
        Petitioner            )
                             )
        V.                    )
                             )
STATE TAX ASSESSOR,           )
                             )
        Respondent.           )

## ORDER ON STATE TAX ASSESSOR'S MOTION
## (1) TO LIFT THE STAY AND (2) FOR SUMMARY JUDGMENT

This matter came before the court on the State Tax Assessor's Motion (1) to Lift the Stay and (2) for Summary Judgment. After reviewing the parties' submissions, the court GRANTS the Assessor's motion and rules as follows.

Mr. Ehnstrom's Rule 80C petition for review raises three issues: (1) whether the Portsmouth Naval Shipyard (the "Shipyard") lies in the State of Maine or the State of New Hampshire; (2) whether a 25% failure-to-pay penalty was properly assessed; and (3) whether a notice of levy was properly issued due to the Assessor's alleged "lack of reconsideration" of Mr. Ehnstrom's liability for the underlying taxes.

Now that the Supreme Court has resolved the dispositive legal issue, the court will lift the stay and resolve the case on its merits.

Turning to the merits, the court concludes that there are no genuine issues of material fact and that the Assessor is entitled to judgment as a matter of law on the 3 issues raised by the Petitioner. First, the United States

Supreme Court's May 2001 decision in the <u>State of New Hampshire v. State of Maine</u> boundary case makes clear that the Shipyard is in Maine, and Mr. Ehnstrom is thus liable for Maine Income Tax for the years at issue on the income from his employment at the Shipyard. <u>See</u> 36 M.R.S.A. § 5142. Second, the Assessor has abated the 25% failure-to-pay penalty and thus that issue has been resolved. Finally, because the Assessor issued a reconsideration decision in April 2000 concerning Mr. Ehnstrom's Maine Income Tax liability for 1995, 1996, and 1997, and Mr. Ehnstrom failed to appeal that decision to Superior Court, that determination is final and the notice of levy was proper. <u>See</u> 36 M.R.S.A. § 176-A (1990 & Supp. 2000).

ORDER

Accordingly, the court enters the following Order:

1.     The stay shall be lifted now that the United States Supreme Court has decided the underlying issue.

2.     Judgment shall enter in favor of the Assessor. The income that Mr. Ehnstrom derived from his employment at the Shipyard for the years at issue is taxable by Maine under 36 M.R.S.A. § 5142.

3.     The notice of levy was properly issued.

Dated:_____11/13/01_____

_____
JUSTICE, SUPERIOR COURT

2

PETER J EHNSTROM
270 MEADOW RD
PORTSMOUTH NH 03801

THOMAS KNOWLTON     AAG
DEPARTMENT OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

MARK J AYOTTE
9 GARDEN ST
PORTSMOUTH NH 03801

CHRISTOPHER L MOORE
31 PLEASANT VALLEY RD
DOVER NH 03820

BRUCE E MILLER
602 SHERWOOD GLEN
SOMERSWORTH NH 03878

DENNIS M LABELLE
297 WHITE MOUNTAIN HIGHWAY
MILTON NH 03851-4911

NORMAN G CANWELL
26 HARDING ST
ROCHESTER NH 03867

ARVARD L. WORSTER
58 CENTRAL ST
FARMINGTON NH 03835